IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA PERDUM, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE NO.: |
| v. : | 1:17-CV-00972-SCJ-JCF |
| : | |
| WELLS FARGO HOME : | |
| MORTGAGE, : | |
| : | |
| Defendant. : | |

## **ORDER**

This matter is before the undersigned for consideration of Plaintiff's Motion For Permission For Electronic Case Filing, Or In The Alternative To At Least Receive Electronic Notification And Service Of Documents Filed. (Doc. 56). This Court has addressed this issue in its Standing Order 16-01 In re: Revised Electronic Case Filing Standing Order and Administrative Procedures governing electronic filing (*see* Appendix H to Local Rules, NDGa.). That authority dictates that only attorneys in good standing admitted to practice before this Court may be registered users of the Court's electronic filing system (ECF). (*See* App. H –A6-A9). "Pro se litigants who are not attorneys in good standing admitted to the Bar of this Court," such as Plaintiff, "must file all documents with the Court in paper form." (*See* App. H - 3; *see also* App. H – A7 ("A party proceeding *pro se* shall not file electronically unless the party is an attorney in good standing admitted to

1

practice before this Court."); App. H - A22 ("Pro se filers shall file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents")). And the Court provides Notices of Electronic Filing only to registered users of ECF (*see* App. H – A11), who must be members of the Bar of this Court as stated above.[1]  Plaintiff is not a member of the Bar of this Court, and therefore, this Court's Standing Order No. 16-01 and Administrative Procedures prohibit her from using the Court's electronic filing system and receiving electronic notifications from the Court.

The Administrative Procedures do allow the Clerk's Office "or any judge of this court" to "deviate from these procedures in specific cases, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the just, speedy, and inexpensive determination of matters pending before the court." (App. H - A7).  Plaintiff attempts to justify allowing her access to the Court's electronic filing and notification system by demonstrating her experience using state court electronic filing systems, her familiarity with this Court's procedures, and her ability to comply with those requirements.  (*See* Doc. 56 at 2-3).  Those assertions fall short of justifying a deviation from the Court's electronic filing and

---

[1] The Administrative Procedures require the filing party to serve a copy of the Notice of Electronic Filing along with a copy of filed documents to a recipient who is not a registered participant of ECF and that service of the Notice of Electronic Filing "may be accomplished by email" (*see* App. H – A11-12), but that Rule contemplates that it is the registered user who provides that Notice to a *pro se* litigant, not the Court.

notification procedures, however.  Critically, Plaintiff has not shown that she has difficulties in using the mail to send and receive filings to and from counsel and the Court or that such difficulties are necessarily more onerous than those experienced by any *pro se* plaintiff.  The Court also notes that the Court's Administrative Procedures provide that "[a]ccess to the electronic docket and documents filed in ECF is available to the public at no charge at the Clerk's Office during regular business hours."  (App. H - A25).  Plaintiff may also subscribe to the Public Access to Court Electronic Records ("PACER") system and pay a user fee in order to "remotely access[ ] certain detailed case information, such as filed documents and docket sheets in civil cases, but excluding review of calendars and similar general information." *Id.*  In fact, Plaintiff states that she has a PACER account and "understand[s] that [she] must regularly review the docket report of [her] case so that [she does] not miss a filing."  (Doc. 56 at 2-3).  Accordingly, Plaintiff has not shown that she does not have sufficient access to the filings in this case.

Plaintiff's Motion For Permission For Electronic Case Filing, Or In The Alternative To At Least Receive Electronic Notification And Service Of Documents Filed (Doc. 56) is therefore **DENIED.**  *See, e.g.*, *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 Fed. Appx. 874, 878 (11th Cir. 2011) (unpublished decision) (affirming district court's denial of *pro se* plaintiff's access to CM/ECF to receive electronic notifications because the plaintiff did not show

3

good cause); *Oliver v. Cnty. of Chatham*, No. CV417-101, 2017 U.S. Dist. LEXIS 90362, at \*1 (S.D. Ga. June 13, 2017) (noting that "[*p*]*ro se* plaintiffs are unable to use this system absent court authorization, which is sparingly granted," and denying *pro se* plaintiff's motion for CM-ECF access); *Dunn-Fischer v. Dist. Sch. Bd.*, No. 2:10-cv-512-FtM-29SPC, 2010 U.S. Dist. LEXIS 98253, at \*2 (M.D. Fla. Sept. 7, 2010) (denying *pro se* plaintiff's request for permission to access CM/ECF because "[i]t is the District's preferred policy to disallow *pro se* litigants access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures," and the plaintiff had not shown good cause); *Jacobs v. Sears, Roebuck & Co.*, No. 1:08-CV-3253-JTC, 2009 U.S. Dist. LEXIS 136257, at \*2-3 (N.D. Ga. Jan. 28, 2009) (denying *pro se* plaintiff's motion to allow him to electronically access documents).

    **IT IS SO ORDERED** this 12th day of April, 2018.

                                  /s/ J. Clay Fuller
                                  J. Clay Fuller
                                  United States Magistrate Judge