FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 0 4 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| CYNTHIA PERDUM,<br>Plaintiff<br><br>vs.<br><br>WELLS FARGO HOME<br>MORTGAGE; et., al.,<br><br>Defendants | CIVIL ACTION FILE<br>No. 1:17-cv-00972-SCJ-JCF |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS**

COMES NOW, Plaintiff, Cynthia Perdum ("Plaintiff", or "Ms. Perdum"), proceeding in *Propria Persona* against her will and better judgment, and respectfully files *Plaintiff's Statement of Additional Material Facts* and shows the following:

### DEFENDANT'S STATEMENTS OF MATERIAL FACTS

1. Plaintiff did purchase, as her primary residence the property so referenced in Doc. 90-2 #1.

2. Defendant has omitted some important aspects of the loan, such as Plaintiff was forced into an agreement with HUD because there had been no payment allotted to HUD when the Settlement and closing documents were created. See Subordinate

Deed of Trust ("DOT") which is Exhibit 5 to Plaintiff's Response to Memorandum of Law ("Re to Memo"), filed herewith.

3. Defendants are missing # 3.

4. Plaintiff discussed the Assignment at length, and although she cannot challenge the assignment, Plaintiff states that the assignment only proves that Wells Fargo violated the penal code when they created the document, or had it created. Records indicate that Chase is the true owner of the loan, and the only party with standing to foreclose. See Re to Memo, pp. 6, 7.

5. Defendant's statement is immaterial to the case at bar, and the single claim allowed by this Court.

6. Defendant's statement is immaterial to the case at bar, and the single claim allowed by this Court.

7. Defendant's statement is immaterial to the case at bar, and the single claim allowed by this Court.

8. Defendant's statement is immaterial to the case at bar, and the single claim allowed by this Court.

9. Defendant's statement is immaterial to the case at bar, and the single claim allowed by this Court.

10. Defendant's statement is immaterial to the case at bar, and the single claim allowed by this Court.

11. PLAINTIFF OBJECTS TO AFFIDAVIT. PLAINTIFF WAS NOT SENT COPIES OF THE EXHIBITS ALLEGEDLY ATTACHED TO THE AFFIDAVIT. Plaintiff did send communications to Wells Fargo in January and February of 2016. Plaintiff denies what Wells Fargo alleges the content of the documents were, or that Wells Fargo investigated or properly responded to the communications.

12. PLAINTIFF OBJECTS TO AFFIDAVIT. PLAINTIFF WAS NOT SENT COPIES OF THE EXHIBITS ALLEGEDLY ATTACHED TO THE AFFIDAVIT. Plaintiff does not have knowledge of the communications alleged by Wells Fargo on 02/16/2015; 03/07/2016; 03/17/2016; 03/30/2016; nevertheless, Plaintiff probably did send some form of communications during that period arguing about how they came up with double her income on the loan mod application. Plaintiff denies what Wells Fargo alleges the content of the documents were, or that Wells Fargo investigated or properly responded to the communications.

13. Plaintiff did send QWR on 04/07/2016 and 07/08/2016.

14. True

15. Plaintiff still has been unable to find the Overnight receipt where she mailed the April 7th letter to Wells Fargo. Plaintiff has explained in great detail the fact that

Wells Fargo acknowledged the letter in early May. Re to Memo: p. 8, Exhibit 7, p. 9, 10, 11, 12, 13, 14, 16, 17, 18, 19.

16. Plaintiff has shown through acknowledgment letters that Wells Fargo did receive the April 7th letter. It leaves a genuine issue of material fact to be ruled upon at trial.

## ADDITIONAL MATERIAL FACTS

1. Plaintiff's exhibits show that Wells Fargo sent an acknowledgment, dated May 17, 2016 to Plaintiff stating that they received the request and would respond by May 31, 2016 unless they needed more time, and in that case, they would contact Plaintiff to let her know,

2. The acknowledgment letter was signed by Leesa Whitt-Potter, Sr. VP of Wells Fargo Home Lending.

3. Wells Fargo purposefully withheld the names of employees with discoverable information from Plaintiff even thought the Court Ordered Wells Fargo to supply Plaintiff with the information. Re to Memo, pp. 2, 10, 11, 14.

4. Wells Fargo hurried and sold Plaintiff's property at auction December 04, 2018, to add to the emotional distress of the holidays and to cause Plaintiff as much harm and distress as they possibly could. Re to Memo, pp. 2, 8.

5.  ACE who allegedly purchased the property is in the process of evicting Plaintiff. Plaintiff believes that ACE is owned by, or a subsidiary of Wells Fargo.

6.  Only JPMorgan Chase Bank had standing to foreclose upon Plaintiff. Shown by numerous other entities, HUD, FHA, FDIC and others, Re to Memo pp. 6, Exhibit 5 to Memo.

Defendants have no evidence that Plaintiff did not send the April 7th letter. Defendants have refused to put any employee up for Plaintiff to question or depose, or even to answer questions about the letter.

Wells Fargo and their attorneys have continually made false statements to the Court, and there are several genuine issues of material fact that must be decided at trial.

Respectfully submitted, this 4th day of April, 2019

Cynthia Perdum
5100 King Arthur Lane,
Ellenwood, GA 30294

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1 D., I hereby Certify, that the foregoing has been prepared using 14 point, Times New Roman font, a selection approved by the court in L.R. 5.1C.

Cynthia Perdum

## CERTIFICATE OF SERVICE

I Certify, that I have this day served upon defendants, through their attorney on file, a true and correct copy of the foregoing, by mail deposited with USPS, this 3rd day of April, 2019 and addressed as follows:

Dylan W. Howard
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC –Atl
3414 Peachtree Rd., N.E.
Suite 1600, Monarch Plaza
Atlanta, GA  30326

Cynthia Perdum