UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA D. PERDUM,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE; SHAPIRO PENDERGAST & HASTY, LLP, NATIONWIDE TITLE CLEARING, INC.; AND US DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendants. | Civil Action File No.:<br>1:17-cv-00972-SCJ-JCF |

**DEFENDANT'S STATEMENT OF EVIDENCE**

Plaintiff alleges that Wells Fargo failed to respond to an April 7, 2016 letter that constituted a qualified written request under the Real Estate Settlement Procedures Act and that Plaintiff suffered extensive damages as a result of said failure.

Wells Fargo expects to produce a promissory note and security deed evidencing Plaintiff's loan and the requirement that she repay said loan.

Wells Fargo expects to produce loan documents evidencing the years' long failure of Plaintiff to repay her mortgage loan in violation of the loan documents.

Wells Fargo expects to produce a lengthy series of letters Plaintiff received from and delivered to Wells Fargo both before and after the April 7, 2016 letter was allegedly mailed, demonstrating both Plaintiff's pattern of harassing Wells Fargo with repetitive correspondence and Wells Fargo's practice of responding to said letters.

Wells Fargo expects to produce business records and testimony demonstrating its practices and procedures with regard to its receipt, documentation and response to borrowers' correspondence.

Wells Fargo expects to produce a copy of the April 7, 2016 letter which demonstrates that it was allegedly mailed by a different means than Plaintiff's other letters.

Wells Fargo expects to produce Plaintiff's responses to Wells Fargo's written discovery requests and a copy of Plaintiff's deposition transcript which shows that Plaintiff has neither proof that Wells Fargo received the letter at issue nor evidence beyond her self-serving testimony that she suffered any injury as a result of her allegations.

Wells Fargo contends that the one weakness of its case is that it has no direct proof that Plaintiff failed to send the April 7, 2016 letter. However, Wells Fargo contends that Plaintiff bears the burden of proving that Wells Fargo received the

letter at issue and the only evidence Plaintiff has provided to date in this litigation is her self-serving testimony that she placed the letter with a mailing service. Meanwhile, this evidence is contradicted by Wells Fargo's business records which demonstrate that (a) Wells Fargo maintained policies and procedures designed to ensure that any borrower correspondence is logged and responded to; (b) Wells Fargo logged and responded to several other letters from Plaintiff received both before and after the April 7, 2016 letter at issue; and (c) Wells Fargo had no record of having received the April 7, 2016 letter. Based on this evidence, Wells Fargo believes that a jury will conclude that Plaintiff failed to meet her burden of proving delivery of the April 7, 2016 letter by a preponderance of the evidence.

Finally, Wells Fargo contends that even if a jury concluded that Plaintiff had delivered the April 7, 2016 letter to Wells Fargo, Plaintiff cannot prove any damages proximately caused by the alleged failure to respond. Wells Fargo contends that the evidence overwhelmingly supports this conclusion. In her response to Wells Fargo's interrogatories, Plaintiff stated that her damages included Wells Fargo forcing her into bankruptcy, reporting derogatory credit information with regard to the loan, placing her into foreclosure 17 times, and failing to modify her loan. She also alleges that she suffered stress and anxiety and that she was denied employment by the Federal Emergency Management Agency. There is no evidence supporting Plaintiff's contention that any of these alleged

injuries were caused by Wells Fargo's alleged failure to respond to the April 7, 2016 letter. On the contrary, Plaintiff's stress, foreclosure status and negative credit reporting information were all caused by her admitted failure to repay her mortgage loan. The evidence will show that Plaintiff was well aware of her own default in the repayment of her mortgage and the likely consequences thereof. If Wells Fargo had received and responded to the sole letter at issue (one of several she had sent), Plaintiff has produced no evidence that she would have reinstated or paid off the mortgage loan, or that she had the funds to do so. Plaintiff has also produced no evidence at all supporting her claims for emotional distress or the alleged denial of employment. Based on Wells Fargo's evidence in this regard, and the lack of evidence supporting Plaintiff's claim, Wells Fargo contends that a jury will almost certainly conclude that Plaintiff failed to prove injury proximately caused by Wells Fargo's alleged failure to respond to the April 7, 2016 letter. As a result, Wells Fargo expects that the jury will return a verdict in its favor.

There have been limited settlement discussions in this matter. Wells Fargo offered $5,000 in exchange for a dismissal with prejudice and a full release. Plaintiff then terminated the negotiation by stating that she was entitled to approximately $500,000.00.

Respectfully submitted this 16th day of October, 2019.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN,** <br> **CALDWELL & BERKOWITZ, P.C.** <br> Monarch Plaza, Suite 1600 <br> 3414 Peachtree Road, N.E. <br> Atlanta, Georgia 30326 <br> Phone: (404) 577-6000 <br> Facsimile: (404) 221-6501 <br> dhoward@bakerdonelson.com | /s/ Dylan W. Howard <br> Dylan W. Howard <br> Georgia Bar No. 370267 <br><br> *Attorney Defendant Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.* |

## **CERTIFICATION OF FONT**

I hereby certify that the foregoing document has been prepared in 14-point Times New Roman font and complies with LR 5.1(B), NDGa.

Respectfully submitted, this 16th day of October, 2019.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN,** <br> **CALDWELL & BERKOWITZ, P.C.** <br> Monarch Plaza, Suite 1600 <br> 3414 Peachtree Road, N.E. <br> Atlanta, Georgia 30326 <br> Phone: (404) 577-6000 <br> Facsimile: (404) 221-6501 <br> dhoward@bakerdonelson.com | /s/ Dylan W. Howard <br> Dylan W. Howard <br> Georgia Bar No. 370267 <br><br> *Attorney Defendant Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.* |

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **CONCISE STATEMENT OF EVIDENCE** via United States mail to the following:

Cynthia D. Perdum *pro se*
5100 King Arthur Lane
Ellenwood, Georgia 30294
*(via U.S. Mail only)*

This 16th day of October, 2019.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** | */s/Dylan W. Howard* |
| Suite 1600, Monarch Plaza | Dylan W. Howard |
| 3414 Peachtree Rd. NE | Georgia Bar No. 370267 |
| Atlanta, Georgia 30326 | |
| Phone: 404-577 6000 | *Attorney for Defendant Wells Fargo Bank, N.A.* |
| Fax: 404-221-6501 | |
| dhoward@bakerdonelson.com | |